872 F.2d 419
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Donald Allen RUTSCHMAN, Petitioner-Appellant,
v.
Thomas D. HILL, Attorney General of the State of North
Carolina, Respondents- Appellees.
 No. 87-6667.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1988.
Decided March 27, 1989.
Rehearing Denied April 25, 1989.
 
 Donald Allen Rutschman, appellant pro se.
 Richard Norwood League, Office of the Attorney General, for appellees.
 Before WIDENER, PHILLIPS, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Allen Rutschman seeks a certificate of probable cause to appeal the judgment of the district court dismissing his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. Rutschman pled guilty in 1975 to second-degree murder. In his federal petition he alleged, among other things, that the guilty plea was involuntarily, unintelligently, and unknowingly entered; he was mentally incompetent at the time of trial; and he received ineffective assistance of counsel. The district court dismissed most of Rutschman's claims as lacking merit, and, after an evidentiary hearing on the issue of whether Rutschman was misled by his attorney into believing that on appeal he could challenge his confessions in order to invalidate a guilty plea, dismissed the claim. We find no error and dismiss the appeal.
 
 
 2
 At the evidentiary hearing on the ineffective assistance of counsel claim testimony was heard from Rutschman and from the attorney who represented him at his criminal trial. Rutschman testified that the theory of defense had been to attack the constitutionality of a confession and inculpatory statements made by Rutschman, and if he failed to keep them at out trial and a conviction occurred then Rutschman would prevail on appeal. Rutschman testified further that he believed that the guilty plea did not change his ability to challenge the confessions. Rutschman's trial counsel testified that he regularly used a series of statements he characterized as his "no appeal speech" in guilty plea situations. Part of this speech was to inform the client that a guilty plea concluded the proceedings and precluded advancement of issues such as those sought to be raised by Rutschman. Trial counsel testified further that although he could not specifically remember giving Rutschman the speech he was sure he did so because that was his normal practice. At the conclusion of the hearing the United States Magistrate, to whom this issue had been referred, made a factual finding, in part on the basis of the credibility of the testimony, that Rutschman's trial counsel expressly told him that none of the issues would be preserved for appeal if the case ended with a guilty plea.
 
 
 3
 Generally, we must accept findings of fact made by a district court after an evidentiary hearing unless upon review we are "left with a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Findings of fact based upon credibility determinations are entitled to particular deference. Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985). We have carefully reviewed the transcript of the evidentiary hearing and conclude that the district court's findings are supported by the record and are not clearly erroneous. It follows, therefore, that if trial counsel specifically told Rutschman that a guilty plea would preclude a challenge to the constitutionality of the confessions, he cannot be held ineffective for allegedly misleading Rutschman to a contrary view. See Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 4
 Accordingly, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process, deny a certificate probable cause to appeal, and dismiss the appeal on the reasoning of the district court. Rutschman v. Hill, C/A No. 84-1204-HC (E.D.N.C. Feb. 28, 1986; Oct. 15, 1987).
 
 
 5
 DISMISSED.